**Morris H. RHOADS and Glenna Rhoads, His wife**

v.

**The UNITED STATES.**

**No. 404–79L.**

United States Claims Court.

Sept. 26, 1984.

Robert D. Smith, III, Little Rock, Ark., for plaintiffs; H. Vann Smith and Smith, Jernigan & Smith, Little Rock, Ark., of counsel.

David F. Shuey, Washington, D.C., with whom was Acting Asst. Atty. Gen. F. Henry Habicht, II, Washington, D.C., for defendant.

### OPINION

MEROW, Judge:

This case arises out of a fifth amendment unlawful taking claim based upon actions taken by the United States Army Corps of Engineers (Corps). Plaintiffs, Morris H. Rhoads and Glenna Rhoads, own a house and lot along the bank of the Fourche Creek (creek), Little Rock, Arkansas. Prior to September 1978 the house was approximately 60 feet from the creek bank. After an unusually heavy rainstorm in September 1978, the 60-foot embankment eroded, leaving the house teetering on the edge of the bank. Plaintiffs seek $43,025 for the erosion of and resulting damage to their property. Defendant defends on the basis that the erosion was not

caused by the government and that, in the alternative, any damage claims were waived by a flowage easement. Upon the findings of fact stated below, it is concluded that plaintiffs have not established a valid basis for relief.

### Facts

Plaintiffs' property is located approximately 0.5 mile upstream from the creek's mouth on the Arkansas River. The embankment on plaintiffs' property is steep. The soil is alluvial, comprised primarily of silty sands and sandy loams. Soils of this type on steep slopes are stable only if dry, but not in rapidly flowing water.

In the early 1940's the Arkansas River migrated southward until it cut into a channel of the creek. The effect of the migration was to cut off 3½ miles of the Fourche channel. This upset the creek equilibrium and caused the bed to begin to erode in an attempt to reestablish equilibrium. Subsequently, slight erosion has occurred intermittently.

In 1968 the David D. Terry Lock and Dam, a part of the McClellan-Kerr Arkansas River navigation system, was built at the mouth of the creek. At that time plaintiffs' predecessor in title entered into a perpetual flowage easement to the 234 foot contour mean sea level (m.s.l.). The flowage easement deed contains a clause releasing the grantee, the United States, from all damage and claims arising on account of the construction, installation, operation and maintenance of the project on the Arkansas River as it affects the water level on plaintiffs' property.

Before the construction of the dam, the elevation pool in the creek on plaintiffs' property measured three to five feet. After the dam construction it increased to ten to twelve feet. This increase killed the vegetation beneath the water level. In addition, it saturated the bank. These factors increased the likelihood of erosion.

In 1978 plaintiffs contacted the Corps and discussed placing stone or broken concrete rubble along the bank to protect the property. This proposal was similar to the stabilization efforts performed by plaintiffs' neighbor. Plaintiffs were informed that before securing the shore, a written application was required. They were also told that they needed to hire an engineer. Plaintiffs did not submit an application.

In September 1978 there was a rainfall of up to 14 inches in the Little Rock area. As a result of the rain, the water level and velocity of stream flow of the creek increased, causing plaintiffs' shoreline to erode and threatening to cause plaintiffs' house to fall into the creek.

Plaintiffs argue the substantial erosion resulted from the David D. Terry dam construction. In support of this position, plaintiffs assert that the higher water level resulting from the dam construction killed the vegetation along plaintiffs' embankment, increasing the likelihood of erosion. In addition, at the trial of this matter, plaintiffs presented testimony of a neighbor that the erosion increased since the construction of the dam. Defendant, however, presented testimony of a hydrologic engineer that the dam actually lessened the erosion. Had it not been for the dam, the Arkansas River would have been approximately nine or ten feet lower than 231 m.s.l. it experienced during the flood. Therefore, without the dam, the water velocity in the creek, and thus the erosion on the bank, would have been greater than it was with the dam. It was the opinion of defendant's expert that the effect of the dam on the flood was to decrease the potential velocity of the water. Plaintiffs offered no rebuttal testimony.

### Discussion

 To state a claim for taking under the fifth amendment, plaintiffs must prove that governmental action was the proximate and direct cause of the damage. *See Sanguinetti v. United States*, 264 U.S. 146, 149–50, 44 S.Ct. 264, 265, 68 L.Ed. 608 (1924); *Yazel v. United States*, 118 Ct.Cl. 59, 71, 93 F.Supp. 1000, 1003 (1950). Plaintiffs must prove by a preponderance of the evidence that the construction and opera-

tion of the navigation dam in issue were the direct and proximate cause of the erosion damages suffered by them on their riparian banks. *Loesch v. United States,* 227 Ct.Cl. 34, 53, 645 F.2d 905, 919, *cert. denied,* 454 U.S. 1099, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981). The erosion issue is not legal, it is factual. *Loesch v. United States,* 227 Ct.Cl. at 43, 645 F.2d at 913. Although massive erosion occurred, plaintiffs presented nothing more than an opinion of a neighbor to support their contention that the erosion was caused by the dam. The neighbor testified that there was no erosion before the dam construction. The implication is that the dam caused the erosion. This approach to causation is unpersuasive. *Loesch v. United States,* 227 Ct.Cl. at 45, 645 F.2d at 914. Defendant, however, presented testimony that some erosion occurred prior to construction of the dam and that the dam did not cause the increase in erosion. Defendant's evidence indicated that the dam

served to slow down the velocity of the flowing water in the creek and that, therefore, the dam actually decreased the erosion. Plaintiffs have not met their burden of proof. Accordingly, it is concluded defendant must prevail.[1]

## Conclusion

Although plaintiffs' property suffered substantial erosion, there is no proof linking the erosion to the construction of the David D. Terry Lock and Dam. Therefore, plaintiffs' claim of an unlawful taking fails.

It is ORDERED that a final judgment be entered dismissing plaintiffs' claim.

---

1. Since plaintiffs have not established that defendant caused the erosion, there is no need to address the issue whether the easement waived any damage claims.